■ In the Matter of EDWIN TOSCA, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [748 NYS2d 526] —Proceeding pursuant

to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting extortion and making threats after a confidential informant reported that petitioner and an associate had been threatening an inmate with physical harm if he did not send money to certain outside addresses or if he did not have money deposited in their commissary accounts. Substantial evidence of petitioner's guilt was presented in the form of the detailed misbehavior report and the confidential testimony given by the reporting correction officer and by the informant upon whose information the report was based (*see Matter of Vega v Goord*, 274 AD2d 807, 808; *Matter of Rodriguez v Herbert*, 270 AD2d 889). Petitioner's contention that the Hearing Officer failed to make an adequate assessment of the credibility of the confidential informant before rendering a decision is belied by the record, which discloses that the Hearing Officer personally conducted a confidential interview with the informant during which he was able to ascertain his credibility as well as the reliability of the information provided by him (*see Matter of Johnson v Goord*, 249 AD2d 617).

Also without merit is petitioner's claim that the Hearing Officer violated his right to call witnesses by denying his request to cross-examine the alleged victim and the confidential informant. The record confirms that the alleged victim refused to testify out of fear of retaliation, while the Hearing Officer refused to call the informant to testify based upon the rule that an accused inmate does not have the right to confront or cross-examine confidential informants (*see Matter of Shannon v Goord*, 282 AD2d 909, 910; *Matter of Garcia v Fayette*, 254 AD2d 555). To the extent that petitioner's exculpatory testimony and that of his inmate witness was at variance with the other evidence presented at the hearing, this disparity presented an issue of credibility that the Hearing Officer was free to resolve against petitioner (*see Matter of Parker v Goord*, 247 AD2d 694, 695). Petitioner's remaining contentions have been reviewed and found to be without merit.

Crew III, J.P., Peters, Spain, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.