■ In the Matter of WILLIAM NICHOLSON, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [755 NYS2d 345] —Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules prohibiting the use or possession of alcohol and the violation of visiting room procedures based upon charges that he and his spouse drank an alcoholic beverage that she had smuggled into a prison visiting room. As related in the misbehavior report, two unidentified individuals who were visiting other inmates had approached a visiting room correction officer and informed him that petitioner and his spouse were drinking alcohol. The reporting correction sergeant inspected the pocketbook carried by petitioner's spouse and found a four-ounce bottle still containing approximately a half ounce of brown liquid that smelled like alcohol. She surrendered the bottle, informing the sergeant that she had brought it into the facility and that she and petitioner had been drinking it to celebrate their anniversary. Upon approaching petitioner, the sergeant noticed that petitioner smelled of alcohol. Although the results of a urinalysis test were negative, the test was conducted only for drugs and not for alcohol. The above account was confirmed by the hearing testimony given by the reporting sergeant, as well as by the memorandum prepared by a third officer who was present during the incident in question. We find this sufficient to constitute substantial evidence of petitioner's guilt (*see Matter of Reynolds v Goord*, 275 AD2d 854 [2000]; *Matter of Collins v Goord*, 272 AD2d 703 [2000]), even in the absence of a confirmatory urinalysis test (*see Matter of Eckert v Selsky*, 247 AD2d 728, 729 [1998]). Petitioner's claim that he did not use or possess alcohol presented questions of fact and credibility that were within the discretionary power of the Hearing Officer to weigh and resolve (*see Matter of Hicks v Selsky*, 273 AD2d 584 [2000]). As the decision under review is supported by substantial evidence, it will not be disturbed. The remaining issues raised herein have been reviewed and found to be without merit.

Cardona, P.J., Crew III, Spain and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.