■ In the Matter of OCTAVIO HERNANDEZ, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [880 NYS2d 364]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with possession of a fermenting substance. A tier III disciplinary hearing ensued, at the conclusion of which petitioner was found guilty and a penalty was imposed. Petitioner's administrative appeal and subsequent request for reconsideration proved unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the determination of guilt.

The misbehavior report and the testimony of the sergeant who inspected the contents of the thermos found underneath petitioner's bed and determined that it contained a homemade alcoholic beverage constitute substantial evidence of petitioner's guilt (*see Matter of Pulecio v Goord*, 274 AD2d 786 [2000]; *Matter of Collins v Goord*, 272 AD2d 703 [2000]). Moreover, "because the nature of alcoholic beverages is a matter of common knowledge, the . . . observations that the liquid substance was alcohol rendered scientific testing of the liquid unnecessary" (*Matter of Reynolds v Goord*, 275 AD2d 854, 854 [2000]; *see Matter of O'Reilly v Goord*, 270 AD2d 858 [2000]). To the extent that petitioner testified that the thermos contained only leftover iced tea and limes, this presented a credibility issue for the Hearing Officer to resolve (*see Matter of Ramos v Bennett*, 276 AD2d 1008 [2000]; *see also Matter of Nicholson v Goord*, 303 AD2d 854 [2003]). As for petitioner's claim that he was denied a witness, the record reflects that petitioner did not ask to call the author of the misbehavior report as a witness "and the Hearing Officer was under no obligation to present petitioner's case for him" (*Matter of Retamozzo v New York State Dept. of Correctional Servs.*, 31 AD3d 1083, 1084 [2006]). Finally, petitioner's claim of hearing officer bias is unpreserved for our review (*see Matter of Johnson v Department of Correctional Servs.*, 53 AD3d 746, 747 [2008]).

Cardona, P.J., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.