■ In the Matter of ANTONIO COWAN, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, et al., Respondents. [884 NYS2d 272]—

Peters, J.P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with possessing an altered item, possessing property in an unauthorized area, possessing contraband, smuggling, property damage or loss and tampering with property, after a search of another inmate's cell disclosed a manila envelope containing a tape recorder, an altered microphone and electrical cord and one cassette tape. Petitioner admitted passing an envelope to the inmate in question but denied that it contained the seized items. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 to challenge the determination of guilt.

We confirm. The confidential testimony and relevant videotape provide substantial evidence of petitioner's guilt (see Matter of Sylvester v Goord, 37 AD3d 888 [2007], lv denied 8 NY3d 812 [2007]; Matter of Barclay v Goord, 23 AD3d 862 [2005], lv denied 6 NY3d 710 [2006]; Matter of Porter v Goord, 7 AD3d 847, 848 [2004]). In this regard, petitioner freely admitted that he passed a manila envelope to the inmate in question but contended that the envelope contained pornographic magazines, not the prohibited or altered items confiscated from the inmate's cell. Such testimony, however, presented a credibility issue for the Hearing Officer to resolve, as did petitioner's claim that there actually were two envelopes found in the subject cell—one containing the pornographic materials he admits to passing and the other containing the tape recorder, cassette and altered items (see Matter of Donhauser v Prack, 60 AD3d 1126, 1127 [2009]; Matter of Davis v Prack, 58 AD3d 977 [2009]).

As for the confidential testimony taken outside petitioner's presence, the record as a whole supports the Hearing Officer's finding that permitting petitioner to review the informant's testimony would reveal the informant's identity and jeopardize both the informant's safety and the good order of the facility (see Matter of Pinargote v Berry, 147 AD2d 746, 748 [1989], lv

*denied* 74 NY2d 606 [1989]). Contrary to petitioner's assertion, the Hearing Officer was not required to inform petitioner prior to conducting the interview with the confidential informant that such testimony would be taken. Rather, it was sufficient that petitioner was apprised of the informant's testimony and the reason such testimony was kept confidential prior to the conclusion of the hearing (*see Matter of Green v Coombe*, 234 AD2d 756, 757 [1996]; *Matter of Odom v Kelly*, 152 AD2d 1010, 1011 [1989]; *Matter of Pinargote v Berry*, 147 AD2d at 748). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.