■ In the Matter of MICHAEL J. WILLACY, Petitioner, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [889 NYS2d 261]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Following an investigation which indicated that petitioner had extorted money from other prison inmates, petitioner was charged in a misbehavior report with violating prison disciplinary rules prohibiting extortion and making threats. At the conclusion of a tier III disciplinary hearing, petitioner was found

---

guilty of both charges. This determination was affirmed on administrative appeal, prompting petitioner to commence this CPLR article 78 proceeding.

We confirm. Initially, we reject petitioner's contention that the misbehavior report was invalid due to its failure to provide specific dates, times and the names of the other inmates involved. Inasmuch as the misbehavior report was the result of an ongoing investigation and based upon confidential information, the lack of specific dates and times, as well as the withholding of the names of the other inmates involved, was acceptable (*see Matter of Blackwell v Goord*, 12 AD3d 816, 817 [2004]; *Matter of Watkins v Goord*, 307 AD2d 503, 504 [2003], *appeal dismissed and lv denied* 1 NY3d 532 [2003]). Moreover, the misbehavior report, as well as the confidential testimony and information considered by the Hearing Officer in camera, provide substantial evidence in support of petitioner's guilt (*see Matter of Arnold v Fischer*, 60 AD3d 1177, 1177 [2009]; *Matter of Gallo v Fischer*, 50 AD3d 1374, 1374 [2008]). Contrary to petitioner's contention, the Hearing Officer undertook a thorough and independent assessment of the credibility of the confidential informants through personal interviews with them (*see Matter of Sessoms v Commissioner of Correctional Servs.*, 63 AD3d 1400, 1400 [2009]) and the correction officer to whom the information was provided (*see Matter of Staton v Goord*, 41 AD3d 1105, 1106 [2007]). Finally, our review of the hearing transcript reveals that, although it does contain intermittent gaps, the gaps do not prevent meaningful judicial review (*see Matter of Quinney v Selsky*, 18 AD3d 1082, 1083 [2005]). Petitioner's remaining claims are either unpreserved for our review or without merit.

Cardona, P.J., Peters, Lahtinen, Malone Jr. and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.