◼ In the Matter of RAHEEM SHABAZZ, Petitioner, v DALE ARTUS, as Superintendent of Clinton Correctional Facility, Respondent. [903 NYS2d 544]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A confidential informant disclosed to correction officials that petitioner had taken property belonging to another inmate and had threatened that inmate with bodily harm. When petitioner's cell was searched, a lamp belonging to that inmate was recovered. As a result, he was charged in a misbehavior report with possessing stolen property, making threats and engaging in an unauthorized exchange. Following a tier III disciplinary hearing, he was found guilty of possessing stolen property and making threats. The determination was later affirmed on administrative appeal and this CPLR article 78 proceeding ensued.

We confirm. Substantial evidence, consisting of the misbehavior report, testimony of the correction officer who prepared it and confidential information considered by the Hearing Officer in camera, supports the determination of guilt (*see Matter of Hill v Fischer*, 69 AD3d 1103, 1103 [2010]; *Matter of Hicks v Goord*, 35 AD3d 1000, 1000-1001 [2006], *lv denied* 8 NY3d 806 [2007]). Contrary to petitioner's claim, the Hearing Officer independently assessed the credibility and reliability of the confidential informant by conducting a personal interview of that individual as well as the correction officer to whom the incident was reported (*see Matter of Samuel v Fischer*, 53 AD3d 960, 960 [2008]; *Matter of Toledo v Selsky*, 12 AD3d 824, 825 [2004]). Furthermore, petitioner did not have a right to confront or cross-examine the confidential informant and, therefore, the Hearing Officer did not err in denying petitioner's request to call this witness for reasons of institutional safety and security (*see Matter of Alba v Goord*, 6 AD3d 847, 847 [2004]; *Matter of Tosca v Selsky*, 298 AD2d 738, 739 [2002]). Petitioner's remaining contentions, including his claims related to the misbehavior report, have been considered and found to be unavailing.

Cardona, P.J., Peters, Malone Jr., Stein and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.