■ In the Matter of CASPER BARTON, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [917 NYS2d 345]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

When a correction officer noticed an inmate with a four-inch

laceration to his face staring in the direction of petitioner, he ordered petitioner, who was walking away toward the dining facility, to stop. However, petitioner continued to walk, at which point the injured inmate picked up a clothes iron and hurled it at petitioner, striking him in the back. Petitioner was apprehended and an examination revealed a cut on his right index finger and blood on his fingertips. As a result, he was charged in a misbehavior report with assault, possession of a weapon, violent conduct, disturbing facility order and refusing a direct order. Following a tier III disciplinary hearing, petitioner was found guilty of all charges and was assessed a penalty of nine months in the special housing unit with a corresponding loss of privileges and recommended loss of good time. That determination was affirmed on administrative review and petitioner then commenced this proceeding pursuant to CPLR article 78.

We confirm. The detailed misbehavior report, the myriad supporting documentation, and the testimony of the correction officers involved in the incident and the confidential informants who identified petitioner as the person who perpetrated the attack provide substantial evidence to support the determination of guilt (*see Matter of Shabazz v Artus*, 72 AD3d 1299, 1300 [2010]; *Matter of Mitchell v Bezio*, 69 AD3d 1281, 1281 [2010]). Petitioner's testimony, and that of his inmate witness, that he was not the attacker raised a question of credibility to be resolved by the Hearing Officer (*see Matter of Perez v Bezio*, 76 AD3d 1134 [2010]; *Matter of Truman v Fischer*, 75 AD3d 1019, 1020 [2010]). Contrary to petitioner's claim, the fact that the testimony of the confidential informants was taken personally by the Hearing Officer provided a sufficient basis for him to assess their credibility (*see Matter of Shabazz v Artus*, 72 AD3d at 1300; *Matter of Houston v Fischer*, 69 AD3d 1086, 1087 [2010]). Furthermore, petitioner did not have a right to cross-examine the confidential informants and, therefore, we find no error in the Hearing Officer's failure to permit petitioner to submit questions to be asked (*see Matter of Shabazz v Artus*, 72 AD3d at 1300; *Matter of Stallone v Fischer*, 65 AD3d 1410, 1410 [2009], *lv denied* 13 NY3d 712 [2009]). Finally, given the violent nature of petitioner's actions and the fact that he had previously been disciplined for the possession of weapons while incarcerated, we do not find the penalty assessed to be so shocking to one's sense of fairness as to be excessive (*see Matter of Wilson v Artus*, 71 AD3d 1294, 1295 [2010]; *Matter of Smiton v New York State Dept. of Correctional Servs.*, 70 AD3d 1148, 1150 [2010]).

Petitioner's remaining contentions have been considered and found to be either unpreserved or lacking in merit.

Spain, J.P., Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.