In the Matter of DARYL JACKSON, Petitioner, v ALBERT PRACK, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [923 NYS2d 368]—

Lahtinen, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged with violating several prison disciplinary rules in connection with a physical altercation involving him and three correction officers. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative review, the determination was upheld, with a modification of the penalty imposed. Petitioner then commenced this CPLR article 78 proceeding challenging that determination.

To the extent that petitioner's brief raises an issue of substantial evidence, we find that the misbehavior report, unusual incident report with supporting documentation and the testimony of the correction officers involved provide the quantum of proof necessary to support the determination (*see Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]; *Matter of Flemming v Fischer*, 74 AD3d 1693, 1694 [2010]). Conflicting testimony presented by petitioner and some of the inmate witnesses presented a credibility determination to be resolved by the Hearing Officer (*see Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d at 1030; *Matter of Flemming v Fischer*, 74 AD3d at 1694).

Turning to petitioner's procedural objections, we find that petitioner was afforded a fair hearing. We do not agree with petitioner's contentions that the Hearing Officer improperly curtailed his questioning of the witnesses and denied his request to present certain documentary evidence as the questions and documents that petitioner sought to present related to earlier events and not to the incident in question (*see Matter of Barca v*

*Fischer*, 80 AD3d 1038, 1038-1039 [2011], *lv denied* 16 NY3d 711 [2011]; *Matter of Walker v Fischer*, 71 AD3d 1309, 1310 [2010], *appeal dismissed* 14 NY3d 912 [2010]). Nor does the record support petitioner's claim that the Hearing Officer was biased. Petitioner was able to examine the many witnesses called, review photographs of the injuries sustained by him and the correction officers and offer his version of the events and interpretation of the evidence at length. Based upon this record, there is no reason to conclude that the determination was based upon anything other than the evidence presented (*see Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011]; *Matter of Harvey v Bradt*, 81 AD3d 1003, 1004 [2011]). Petitioner's remaining contentions have been considered and found to be without merit.

Mercure, J.P., Rose, Kavanagh and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.