█  In the Matter of VISCOUNT WASHINGTON, Appellant, v BRIAN FISCHER, as Commissioner of Correctional Services, Respondent. [926 NYS2d 208]—

Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered January 3, 2011 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

While attempting to visit petitioner at the correctional facility where he was incarcerated, petitioner's wife was found by a correction investigator to be in possession of a significant quantity of tobacco. She revealed to the investigator that she had conspired with petitioner to bring tobacco and marihuana into the correctional facility and had done so on numerous prior occasions. As a result, petitioner was charged in a misbehavior report with smuggling and conspiring to possess drugs. He was found guilty of the charges at the conclusion of a tier III disciplinary hearing and the determination was affirmed on administrative appeal with a modified penalty. This CPLR article 78 proceeding ensued.

Petitioner claims that the Hearing Officer exhibited bias by effectively participating in the investigator's interrogation of him during an interview conducted prior to the hearing. This specific claim, however, has not been preserved for our review due to petitioner's failure to raise it at the hearing (*see Matter of Madison v Cunningham*, 67 AD3d 1141, 1142 [2009]). Petitioner further asserts that he was denied adequate employee assistance because his assistant failed to interview his wife prior to the hearing. Notwithstanding the assistant's failure to interview petitioner's wife, her written statement was read into the record at the hearing and, after an adjournment, she testified and answered petitioner's questions. Thus, any omission by the assistant was remedied at the hearing, and petitioner has

not demonstrated prejudice (*see Matter of Sierra v Dubray*, 58 AD3d 970, 971 [2009]; *Matter of Coleman v Goord*, 39 AD3d 1048 [2007]). Petitioner's remaining arguments regarding the disciplinary determination are without merit. His challenge to the denial of his Freedom of Information Law request is not properly before us, as it was not challenged in the petition, but has been raised for the first time in petitioner's brief (*see Matter of Pettus v Department of Correctional Servs.*, 76 AD3d 1152, 1153 [2010]; *Matter of Lamb v Goord*, 27 AD3d 807, 808 [2006]).

Spain, J.P., Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.