In the Matter of TONY HARRISON, Petitioner, v ALBERT PRACK, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent. [930 NYS2d 294]—

After a confidential informant approached a correction officer and reported that he had overheard petitioner making threats towards facility personnel, petitioner was charged in a misbehavior report with violent conduct and making threats. Following a tier III disciplinary hearing, petitioner was found guilty of both charges. That determination was upheld on administrative appeal, with a downward modification to the penalty assessed. Thereafter, petitioner commenced this CPLR article 78 proceeding.

We confirm. The detailed misbehavior report, hearing testimony and confidential testimony of both correction officers and inmate witnesses provide substantial evidence to support the determination of guilt (*see Matter of Vidal-Ortiz v Fischer*, 84 AD3d 1627, 1628 [2011]; *Matter of Phipps v Fischer*, 82 AD3d 1396, 1397 [2011]). The fact that the Hearing Officer personally took testimony from the confidential witnesses provided a sufficient basis to assess their credibility (*see Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]; *Matter of Houston v Fischer*, 69 AD3d 1086, 1087 [2010]).

Turning to petitioner's procedural contentions, we find that the misbehavior report contained sufficient detail to put him on notice of the charges against him and allow him to prepare a defense (*see Matter of Cody v Fischer*, 84 AD3d 1651, 1651 [2011]; *Matter of Knight v Bezio*, 82 AD3d 1381, 1382 [2011], *lv dismissed* 17 NY3d 788 [2011]). Similarly, the report was written "as soon as practicable" given that the author was absent from the facility when the information was first received and, thereafter, took several days to investigate the matter (7 NYCRR 251-3.1 [a]; *see Matter of Valentino v Bezio*, 72 AD3d 1376, 1377 [2010]; *Matter of Decastro v Prack*, 62 AD3d 1224, 1225 [2009]). The Hearing Officer did not err in taking confidential testimony outside petitioner's presence for reasons of institutional safety and security (*see Matter of Shabazz v Artus*, 72 AD3d 1299, 1300 [2010]; *Matter of Cowan v Fischer*, 64 AD3d 839, 839

[2009]). Finally, we find the Hearing Officer properly considered petitioner's mental health status based upon two confidential interviews he conducted with representatives of the mental health unit (*see Matter of Pante v Goord*, 73 AD3d 1394, 1395 [2010]).

We have examined petitioner's remaining contentions and find them to be unpreserved or without merit.

Mercure, J.P., Peters, Spain, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.