In the Matter of ALBERT TULLOCH, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, Respondent. [935 NYS2d 696]—

Following an incident in the mess hall during which he apparently slashed a fellow inmate in the neck and leg with a butcher knife, petitioner was charged in a misbehavior report with assault and possession of a weapon. Following a tier III disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed on administrative appeal.* Petitioner then commenced this CPLR article 78 proceeding to challenge the determination, and Supreme Court dismissed the application without a hearing. This appeal ensued.

* The disciplinary hearing and determination encompassed charges stemming from a second misbehavior report which are not at issue here.

We affirm. We first reject petitioner's contention that the determination must be annulled because he received inadequate prehearing assistance. While he claims that his assistant failed to interview potential witnesses and report back, we note that the inmate assistant form listed no potential witnesses and was signed by petitioner indicating his satisfaction with his assistance. In any event, the Hearing Officer attempted to obtain the testimony of two witnesses named by petitioner at the hearing as well as seven other inmates who were present at the time of the incident, thereby curing any deficiencies that may have been present in the prehearing assistance, and petitioner has demonstrated no prejudice (*see Matter of Washington v Fischer*, 85 AD3d 1484, 1484-1485 [2011]; *Matter of Mayo v Fischer*, 82 AD3d 1421, 1422 [2011], *lv denied* 17 NY3d 702 [2011]).

We also find unpersuasive petitioner's contention that he was denied the right to call witnesses. There is no indication that the requested inmates, including the victim, had ever agreed to testify and, therefore, the witness refusal forms indicating the reason for the refusal and signed by each inmate and an employee witness adequately protected petitioner's right (*see Matter of Tafari v Fischer*, 78 AD3d 1405, 1406 [2010], *lv denied* 16 NY3d 704 [2011]; *Matter of Hill v Selsky*, 19 AD3d 64, 66-67 [2005]). Furthermore, petitioner had no right to cross-examine the confidential witnesses (*see Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]; *Matter of Shabazz v Artus*, 72 AD3d 1299, 1300 [2010]). Finally, there was no requirement that the author of the misbehavior report testify absent a request from petitioner (*see Matter of Hernandez v Selsky*, 62 AD3d 1177, 1178 [2009]; *Matter of Donato v Goord*, 278 AD2d 641, 641 [2000], *lv denied* 96 NY2d 711 [2001]).

Petitioner's remaining contentions have been considered and found to be either unpreserved or lacking in merit.

Peters, J.P., Spain, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.
**[Prior Case History: 2011 NY Slip Op 30622(U).]**