■ In the Matter of Anthony Cruz, Petitioner, v Brian Fischer, as Commissioner of Corrections and Community Supervision, Respondent. [942 NYS2d 673]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

While inmates were returning from the recreation yard, a correction sergeant observed one inmate with a large gash on the left side of his face. This inmate stated that he was cut by an unknown inmate while exiting the yard. During the ensuing investigation, the sergeant learned through confidential sources that an individual matching petitioner's description had perpetrated the attack and then discarded the weapon in a water drain by the soccer field. The weapon, which consisted of a broken pencil with an embedded razor, was later recovered from the described location and had blood, tissue and hair on it. As a result of this incident, petitioner was charged in a misbehavior report with assaulting an inmate, possessing a weapon, engaging in violent conduct and possessing an altered item. He was found guilty of the charges at the conclusion of a tier III

disciplinary hearing and the determination was affirmed on administrative review. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report and related documentation, together with the testimony of the author of the misbehavior report and the confidential information considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Houston v Fischer*, 69 AD3d 1086, 1086 [2010]; *Matter of Adorno v Goord*, 35 AD3d 930, 931 [2006]). The contrary testimony of petitioner and his inmate witnesses presented a credibility issue for the Hearing Officer to resolve (*see Matter of Johnson v Fischer*, 84 AD3d 1623 [2011]; *Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]). Moreover, the extension to commence the hearing was timely obtained within seven days of the date of petitioner's confinement and was needed due to the unavailability of the Hearing Officer and to enable petitioner to receive proper assistance prior to the commencement of the hearing (*see* 7 NYCRR 251-5.1 [a]; *Matter of Cepeda v Goord*, 39 AD3d 640, 641 [2007]; *Matter of Berry v Portuondo*, 6 AD3d 848, 849 [2004]). Notably, the hearing was properly completed within the time granted in the extension. Petitioner's numerous remaining contentions are either unpreserved for our review or are lacking in merit.

Mercure, J.P., Rose, Spain, Kavanagh and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.