Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.
Petitioner was served with a misbehavior report that charged him with assault, possession of a weapon and violent conduct. According to the report, confidential information received as a result of an investigation revealed that petitioner assaulted another inmate with a sharp object, resulting in lacerations to the inmate’s face and earlobe. Following a tier III disciplinary hearing, petitioner was found guilty of all charges. Following an unsuccessful administrative appeal, he commenced this CPLR article 78 proceeding challenging the determination of guilt.
We confirm. The misbehavior report, the testimony of its *1175 author and the confidential testimony and proof provide substantial evidence supporting the determination of guilt (see Matter of Cruz v Fischer, 94 AD3d 1296, 1297 [2012]; Matter of Rouse v Fischer, 94 AD3d 1310 [2012]). Contrary to petitioner’s assertion, the Hearing Officer, who personally and thoroughly interviewed the confidential informant, had sufficient grounds upon which to make an independent credibility assessment (see Matter of Harrison v Prack, 87 AD3d 1221, 1221 [2011]; Matter of Estevez v Fischer, 63 AD3d 1402, 1403 [2009]). Moreover, upon review of the pertinent material, we find no basis to conclude that the Hearing Officer erred “in taking confidential testimony outside petitioner’s presence for reasons of institutional safety and security” (Matter of Harrison v Prack, 87 AD3d at 1221).
Petitioner’s remaining claims, including his challenge to the extent of the redaction of one of the logbooks provided for his review, have been examined and found to be unpersuasive. We disagree that the misbehavior report was insufficiently detailed to allow him the means of defending himself (see 7 NYCRR 251-3.1). Significantly, petitioner was provided the appropriate information regarding, among other things, the date, time and location of the assault, which he then used to present a detailed defense at the hearing (see Matter of Williams v Fischer, 93 AD3d 1051, 1052 [2012]).
Mercure, J.P, Rose, Malone Jr., McCarthy and Garry, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.