*1309 Initially, we reject petitioner’s argument that the misbehavior report was defective because it failed to provide specific dates and times of the alleged misconduct. The misbehavior report, which was the result of an investigation based upon confidential information, provided the date upon which the investigation was concluded and set forth sufficient details as to apprise petitioner of the charges and enable him to prepare a defense (see Matter of Taylor v Fischer, 74 AD3d 1677, 1677 [2010]; Matter of Willacy v Fischer, 67 AD3d 1099, 1100 [2009]). The misbehavior report, the testimony of its author and the confidential testimony and information provide substantial evidence supporting the finding of guilt (see Matter of Perez v Fischer, 89 AD3d 1310, 1310-1311 [2011]; Matter of Willacy v Fischer, 67 AD3d at 1100). To the extent that the testimony of petitioner and his inmate witnesses conflicted with the confidential information, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Perez v Fischer, 89 AD3d at 1311). Petitioner’s contention that the Hearing Officer failed to undertake an independent assessment of the credibility of the confidential information is belied by the record, which confirms that the Hearing Officer conducted personal interviews of the informant and the investigating correction officer (see id. at 1311; Matter of Shabazz v Artus, 72 AD3d 1299, 1300 [2010]). Finally, the record reflects that petitioner was advised prior to the conclusion of the hearing that confidential testimony would be considered and that confidentiality was necessary to maintain the safety and security of the informant (see Matter of Cowan v Fischer, 64 AD3d 839, 839 [2009]). Petitioner’s remaining contentions, to the extent that they have been preserved, are without merit.
Peters, P.J., Mercure, Spain, Stein and McCarthy, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.