*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 29, 2016                    521773
_____

In the Matter of THOMAS
    HENDERSON,
                        Petitioner,

        v
                                        MEMORANDUM AND JUDGMENT

DONALD VENETTOZZI, as Acting
    Director of Special Housing
    and Inmate Disciplinary
    Programs, et al.,
                        Respondents.
_____

Calendar Date:  September 6, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Clark, JJ.

_____

        Thomas Henderson, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondents.

_____

Peters, P.J.

        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.

        Substantial evidence supports the tier III disciplinary determination finding petitioner guilty of assault on staff, violent conduct, refusing a direct order and creating a disturbance (see Matter of Boyd v Prack, 136 AD3d 1136, 1136 [2016]).  Specifically, the hearing testimony and documentary

evidence established that petitioner, while initially unconscious and unresponsive upon his arrival at the correction facility medical unit, became combative and uncooperative and ignored direct orders to comply with medical staff so that his vital signs could be taken.  According to testimony, petitioner engaged in violent, thrashing behavior and struck two correction officers with a closed fist while the correction officers attempted to subdue him.  Although petitioner maintained that he was suffering from some type of seizure, medical testimony established that an examination of petitioner after the incident did not reveal any signs of a seizure or other medical explanation for his violent conduct.  Whether petitioner's conduct was involuntary presented a credibility issue for the Hearing Officer to resolve (see Matter of Thomas v Goord, 293 AD2d 799, 800 [2002], appeal dismissed 98 NY2d 727 [2002], lv denied 98 NY2d 613 [2002]).  Any inconsistencies in the testimony and documentary evidence also presented a credibility issue for the Hearing Officer to resolve (see Matter of Dawes v Annucci, 122 AD3d 1059, 1061 [2014]).

Furthermore, we are unpersuaded by petitioner's contention that he was denied effective employee assistance as the record demonstrates that the hearing was adjourned in order to provide petitioner with additional employee assistance; thereafter, any further alleged inadequacies were appropriately addressed by the Hearing Officer (see Matter of McMaster v Annucci, 138 AD3d 1289, 1290 [2016], lv denied ___ NY3d ___ [Sept. 13, 2016]).  Contrary to petitioner's contention, we find no error in the Hearing Officer's denial of certain witnesses whose testimony would have been redundant or irrelevant (see Matter of Grant v Rock, 122 AD3d 1225, 1226 [2014]).  We have reviewed petitioner's remaining contentions, including that he was improperly denied certain documentation and that the Hearing Officer was biased, and find them to be without merit.

McCarthy, Lynch, Rose and Clark, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court