State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 15, 2016                    522830
_____

In the Matter of BENJAMIN
    THOMPSON,
                        Petitioner,

        v

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                        Respondent.
_____

MEMORANDUM AND JUDGMENT

Calendar Date:  October 25, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Clark and Aarons, JJ.

_____

        Benjamin Thompson, Auburn, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Marcus J.
Mastracco of counsel), for respondent.

_____

        Proceeding pursuant to CPLR article 78 (transferred to this
Court by order of the Supreme Court, entered in Albany County) to
review a determination of respondent finding petitioner guilty of
violating a prison disciplinary rule.

        A metal razor with a black electrical tape handle and
sheath were found in petitioner's cell during a random search.
As a result, petitioner was charged in a misbehavior report with
possession of a weapon.  Following a tier III disciplinary
hearing, petitioner was found guilty of that charge, and that
determination was upheld upon administrative review.  This CPLR
article 78 proceeding ensued.

We confirm. The misbehavior report, unusual incident report and supporting documentation, as well as the hearing testimony, provide substantial evidence to support the determination of guilt (see Matter of Lacey v Annucci, 138 AD3d 1329, 1330 [2016]; Matter of Burgos v Prack, 129 AD3d 1434, 1434 [2015]; Matter of Diaz v Prack, 127 AD3d 1489, 1490 [2015]). Contrary to petitioner's claim, the hearing testimony does not establish that he was set up, and, moreover, such claim presented a credibility issue for the Hearing Officer to resolve (see Matter of Baysden v Annucci, 140 AD3d 1519, 1519 [2016]; Matter of Lacey v Annucci, 138 AD3d at 1330). To the extent that petitioner contends that the time of the incident noted in the misbehavior report was slightly different from the time of the incident indicated in the contraband receipt, the record establishes that the Hearing Officer examined these documents and took them into consideration. The misbehavior report contained sufficient detail to provide petitioner with notice of the charge against him, and, in any event, the minor time discrepancy amounts to no more than a "harmless technical defect" (Matter of Eure v Goord, 271 AD2d 786, 787 [2005]; see Matter of Vines v Goord, 19 AD3d 951, 952 [2005]). Furthermore, petitioner expressly waived his right to call the author of the misbehavior report or any other witness at the hearing to explain the discrepancy (see Matter of Jones v Fischer, 101 AD3d 1197, 1198 [2012]; Matter of Hernandez v Selsky, 62 AD3d 1177, 1178 [2009]). We have reviewed petitioner's remaining contentions and find them to be without merit.

Garry, J.P., Egan Jr., Lynch, Clark and Aarons, JJ., concur.

ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

ENTER:

Robert D. Mayberger
Clerk of the Court