### State of New York
### Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  February 2, 2017          522838
_____

In the Matter of DANIEL PAGAN,
                    Petitioner,
        v                                MEMORANDUM AND JUDGMENT

ANTHONY J. ANNUCCI, as Acting
    Commissioner of Corrections
    and Community Supervision,
                    Respondent.
_____

Calendar Date:  November 29, 2016

Before:  Peters, P.J., Egan Jr., Lynch, Devine and Mulvey, JJ.

_____

        Daniel Pagan, Malone, petitioner pro se.

        Eric T. Schneiderman, Attorney General, Albany (Patrick A. Woods of counsel), for respondent.

_____


        Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

        During the course of an investigation, correction officials received confidential information revealing that petitioner and two other inmates were planning to escape from the correctional facility.  As a result, petitioner was charged in a misbehavior report with conspiracy to escape.  He was found guilty of the charge following a tier III disciplinary hearing and the determination was later affirmed on administrative appeal.  This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, testimony of correction officials involved in the investigation and confidential testimony and documentation considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Sullivan v Fischer, 95 AD3d 1514, 1515 [2012]). Contrary to petitioner's claim, the Hearing Officer conducted a sufficient independent assessment of the confidential information to determine its credibility and reliability. In this regard, the Hearing Officer personally interviewed correction officials involved in the investigation, who disclosed details that corroborated petitioner's involvement and the informant's past reliability, and also reviewed the incriminating confidential documents (see Matter of Al-Matin v Prack, 131 AD3d 1293, 1293 [2015], lv denied 26 NY3d 913 [2015]; see also Matter of Pompey v Prack, 128 AD3d 1251, 1251 [2015]). We note that, in view of the sensitive nature of the confidential information at issue here, petitioner was not entitled to its disclosure (see Matter of McDuffy v Fischer, 107 AD3d 1190, 1190 [2013]; Matter of Sanders v Haggett, 72 AD3d 1372, 1373 [2010]). Furthermore, given that the misbehavior report was prepared as the result of an ongoing investigation during which confidential information was received, we find that it contained adequate information to enable petitioner to prepare a defense (see Matter of Topsy v Venettozzi, 98 AD3d 520, 521 [2012], lv denied 20 NY3d 852 [2012]; Matter of Fareedullah v Fischer, 64 AD3d 1024, 1025 [2009], lv denied 13 NY3d 713 [2009]), which he presented at the hearing.

Peters, P.J., Egan Jr., Lynch, Devine and Mulvey, JJ., concur.


ADJUDGED that the determination is confirmed, without costs, and petition dismissed.


ENTER:

Robert D. Mayberger
Clerk of the Court