■ In the Matter of THOMAS WILLIAMS, Petitioner, v MICHAEL KIRKPATRICK, as Superintendent of Clinton Correctional Facility, Respondent. [54 NYS3d 891]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Clinton County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in a misbehavior report with interfering with an employee, disobeying a direct order and harassment. The misbehavior report relates that, at sick call callouts, petitioner was observed by a correction officer screaming at the top of his lungs at one of the nurses. He failed to comply with the correction officer's orders to quiet down. Petitioner was then escorted back to his cell. During the incident, inmates were waiting to be seen for sick call callouts. Following a tier II disciplinary hearing, petitioner was found guilty of interfering with an employee and disobeying a direct order and not guilty of harassment. The determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.

We are unpersuaded by petitioner's contention that the determination of guilt, particularly with regard to interfering with an employee, is not supported by substantial evidence. Specifically, the misbehavior report and testimony from the nurse involved in the incident provide substantial evidence to support the determination (*see Matter of Evans v Goord*, 41 AD3d 1127, 1127-1128 [2007], *lv denied* 9 NY3d 813 [2007]; *Matter of Goncalves v Donnelly*, 9 AD3d 721, 721 [2004]). Furthermore, "there was no requirement that the author of the

misbehavior report testify absent a request from petitioner" (*Matter of Tulloch v Fischer*, 90 AD3d 1370, 1371 [2011]; *see Matter of Briggs v Annucci*, 145 AD3d 1301, 1302 [2016]). Petitioner's remaining contentions, including that the Hearing Officer was biased and did not adequately set forth the facts relied upon in reaching the determination of guilt (*see Matter of Bekka v Annucci*, 137 AD3d 1446, 1447 [2016]), have been reviewed and found to be without merit.

Garry, J.P., Egan Jr., Rose, Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.