■ In the Matter of ANTONIO HEARD, Petitioner, v ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent. [62 NYS3d 819]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

During the course of an investigation in which confidential information was received, correction officials learned that petitioner, together with another inmate who had conspired with petitioner, was a distributer of suboxone within the facility. Following a drug-related assault on petitioner's coconspirator, petitioner was charged in a misbehavior report with smuggling and conspiring to sell drugs within the facility. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty as charged. On administrative appeal, the determination of guilt was upheld, and this CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of its author and the confidential testimony and documentation considered by the Hearing Officer in camera, provide substantial evidence supporting the determination of guilt (*see Matter of Chadwick v NYSDOCCS Washington Corr. Facility Supt.*, 148 AD3d 1437, 1438 [2017]; *Matter of Jones v Prack*, 114 AD3d 985, 985 [2014]). Inasmuch as petitioner denied any involvement in drug trafficking within the facility, this claim presented a credibility issue for the Hearing Officer to resolve (*see Matter of Chadwick v NYSDOCCS Washington Corr. Facility Supt.*, 148 AD3d at 1438; *Matter of Zimmerman v Annucci*, 139 AD3d 1205, 1206 [2016]). Further, our review of the confidential testimony and documentation reveals that there was sufficient proof and corroborating evidence to allow the Hearing Officer to independently assess the confidential information (*see Matter of Boyle v Fischer*, 89 AD3d 1268, 1268 [2011]; *Matter of Hill v Fischer*, 69 AD3d 1103, 1103 [2010]; *compare Matter of Bridge v Annucci*, 132 AD3d 1197, 1197-1198 [2015]).

Turning to petitioner's procedural contentions, we cannot agree with his claim that the misbehavior report did not provide him with adequate notice of the charges (*see* 7 NYCRR 251-3.1 [c]). The report, which was read into the record, was sufficiently detailed to apprise petitioner of the charges lodged against him and afford him an opportunity to prepare his defense (*see Matter of Zimmerman v Annucci*, 139 AD3d at 1206; *Matter of Stinson v Prack*, 87 AD3d 1218, 1219 [2011]). We also reject petitioner's contention that he was denied the right to call the three confidential informants as witnesses, as he does not have a right to confront or cross-examine the confidential informants (*see Matter of Tulloch v Fischer*, 90 AD3d 1370, 1371 [2011]; *Matter of Barton v New York State Dept. of Correctional Servs.*, 81 AD3d 1029, 1030 [2011]; *Matter of Shabazz v Artus*, 72 AD3d 1299, 1300 [2010]; *see also* 7 NYCRR 254.5 [b]). Nor was it improper to deny his request for documentation that was confidential in nature (*see Matter of Bailey v Annucci*, 142 AD3d 1195, 1196 [2016]; *Matter of Martin v Fischer*, 109 AD3d 1026, 1027 [2013]). We have considered petitioner's remaining contentions and find them to be either unpreserved or without merit.

McCarthy, J.P., Rose, Devine, Aarons and Rumsey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.