Matter of Sierra v Rodriguez (2018 NY Slip Op 00595)





Matter of Sierra v Rodriguez


2018 NY Slip Op 00595


Decided on February 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 1, 2018

525076

[*1]In the Matter of LEONIDAS SIERRA, Petitioner,
v
A. RODRIGUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: December 13, 2017

Before: Garry, P.J., Lynch, Clark, Rumsey and Pritzker, JJ.


Leonidas Sierra, Pine City, petitioner pro se.
Eric T. Schneiderman, Attorney General, Albany (Frank Brady of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Correction officials received an anonymous note revealing that petitioner, a gang member who was confined to the special housing unit, was planning to have a sergeant who worked there killed. Through the course of an investigation, the information was deemed to be credible. Consequently, petitioner was charged in a misbehavior report with making threats and engaging in violent conduct. He was found guilty of the charges following a
tier III disciplinary hearing, and the determination was later affirmed on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report, hearing testimony and confidential documents and testimony considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Thompson v Martuscello, 105 AD3d 1218, 1219 [2013]; Matter of Pelaez v Early, 102 AD3d 1030, 1030 [2013]). With regard to the confidential information, the Hearing Officer conducted an in-depth interview with the Deputy Superintendent of Security, who stated that the author of the anonymous note, whose [*2]name could not be disclosed for security reasons, related having overheard petitioner talking about killing the sergeant and that this individual had provided credible information in the past. The information conveyed in the note was supported by the translated conversation that took place between petitioner and another inmate in Spanish suggesting the existence of a plan to harm the sergeant. In view of this, we find that the reliability of the confidential information was properly established (see Matter of Pagan v Annucci, 147 AD3d 1125, 1125-1126 [2017], lv denied 29 NY3d 909 [2017]; Matter of White v Fischer, 121 AD3d 1478, 1479 [2014]).
In addition, we find no merit to petitioner's assertion that he was improperly denied witnesses. He withdrew his request to have two correction officers testify. He was not entitled to call certain inmates as witnesses solely to ascertain if they were confidential informants (see Matter of Heard v Annucci, 155 AD3d 1166, 1167 [2017]; Matter of Shabazz v Artus, 72 AD3d 1299, 1300 [2010]). The testimony of other requested witnesses would have been redundant and/or irrelevant (see Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [2017]; Matter of Henderson v Venettozzi, 142 AD3d 1261, 1262 [2016]). We have considered petitioner's remaining contentions, to the extent that they are properly before us, and find them to be unpersuasive.
Garry, P.J., Lynch, Clark, Rumsey and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.