Matter of Onega v Rodriquez (2019 NY Slip Op 05253)





Matter of Onega v Rodriquez


2019 NY Slip Op 05253


Decided on June 27, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 27, 2019

528002

[*1]In the Matter of JOHNNY ONEGA, Petitioner,
v
ANTHONY RODRIQUEZ, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: May 24, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Johnny Onega, Ogdensburg, petitioner pro se.
Letitia James, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After a sample of petitioner's urine twice tested positive for the presence of buprenorphine, he was charged in a misbehavior report with using a controlled substance. He was found guilty of the charge following a tier III disciplinary hearing and the determination was later upheld on administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, together with the positive urinalysis test results and related documentation, provide substantial evidence supporting the determination of guilt (see Matter of Briggs v Annucci, 145 AD3d 1301, 1302 [2016]; Matter of Evans v Bezio, 84 AD3d 1622, 1622-1623 [2011]). The chain of custody of petitioner's urine sample was adequately established by the information contained on the request for urinalysis form (see Matter of Shepherd v Annucci, 153 AD3d 1495, 1496 [2017], appeal dismissed and lv denied 30 NY3d 1093 [2018]; Matter of Green v Annucci, 148 AD3d 1443, 1444 [2017], lv denied 29 NY3d 916 [2017]). In view of this, and given that petitioner was provided with all of the required urinalysis testing documentation (see 7 NYCRR 1020.4 [f] [1] [iv]; 1020.5 [a]), a proper foundation was laid for the admission of the positive test results (see Matter of Carter v Annucci, 166 AD3d 1189, 1190 [2018], appeal dismissed ___ NY3d ___ [June 6, 2019]; Matter of Morales v Venettozzi, 163 AD3d 1375, 1376 [2018]). We have considered petitioner's remaining contentions and find that they are either unpreserved for our review or are lacking in merit. Therefore, we decline to disturb the disciplinary determination.
Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.