Matter of Steele v Annucci (2019 NY Slip Op 08906)





Matter of Steele v Annucci


2019 NY Slip Op 08906


Decided on December 12, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 12, 2019

529272

[*1]In the Matter of William Steele, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date: November 8, 2019

Before: Garry, P.J., Egan Jr., Devine and Aarons, JJ.


William Steele, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
A correction officer gave petitioner an order to pack up his belongings in preparation for a move from his cell to a bed in C dorm. Petitioner refused, told the officer that he could not sleep in a dorm and requested to speak to a sergeant. When the sergeant arrived, he repeated the directive and reminded petitioner that this was a direct order, the violation of which could result in his placement in the special housing unit. Petitioner became agitated, used profanity and told the sergeant that he did not care and to take him to the special housing unit. At this point, the sergeant noticed that petitioner's behavior had drawn the attention of other inmates. As a result of this incident, petitioner was charged in a misbehavior report with refusing a direct order, creating a disturbance, harassment and violating facility movement regulations. He was found guilty of the charges following a tier III disciplinary hearing. The determination was later affirmed on administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The detailed misbehavior report and hearing testimony provide substantial evidence supporting the determination of guilt (see Matter of Woodward v Annucci, 175 AD3d 785, 785-786 [2019]; Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d 1327, 1328 [2019]). Although petitioner maintained that the misbehavior report was written in retaliation for prior complaints that he had made against correction officers, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Cosme v New York State Dept. of Corr. & Community Supervision, 168 AD3d at 1328; Matter of Scott v Annucci, 164 AD3d 1553, 1553-1554 [2018]). Moreover, petitioner was not improperly denied witnesses whose testimony would have been irrelevant or redundant (see Matter of Cruz v Annucci, 152 AD3d 1100, 1102 [2017]; Matter of Henderson v Venettozzi, 142 AD3d 1261, 1262 [2016]). Furthermore, contrary to petitioner's claim, the record does not reveal that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Woodward v Annucci, 175 AD3d at 787; Matter of Caldwell v Venettozzi, 166 AD3d 1184, 1185 [2018]). We have considered petitioner's remaining contentions and find them to be unavailing.
Garry, P.J., Egan Jr., Devine and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.