Matter of Hickson v Annucci (2023 NY Slip Op 01723)

Matter of Hickson v Annucci

2023 NY Slip Op 01723

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

535670 
[*1]In the Matter of Corey Hickson, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Law Office of Kathy Manley, Selkirk (Kathy Manley of counsel), for petitioner.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with assault, violent conduct and engaging in gang activity. At the conclusion of the tier III disciplinary hearing that followed, the Hearing Officer found petitioner guilty as charged, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.
The misbehavior report, the testimony of its author and the confidential testimony and documentary evidence received at the hearing provide substantial evidence to support the finding of guilt (see e.g. Matter of Thousand v New York State Dept. of Corr. & Community Supervision, 210 AD3d 1174, 1175 [3d Dept 2022]; Matter of Kelly v Mayes, 210 AD3d 1168, 1169 [3d Dept 2022]; Matter of Killimayer v Annucci, 199 AD3d 1151, 1151 [3d Dept 2021]). Notably, the confidential information established that petitioner and the victim were members of rival gang factions and directly implicated petitioner in the attack. Although petitioner denied assaulting the victim, he admitted to being in the bathroom where the incident occurred shortly before the altercation took place and was observed by a correction officer leaving the bathroom immediately prior to the victim emerging from that location. Additionally, although the author of the misbehavior report testified that he did not observe any injuries on petitioner, it was not necessary for petitioner to have sustained injuries in order to have been found guilty of assaulting the victim (see Matter of Thousand v New York State Dept. of Corr. & Community Supervision, 210 AD3d at 1175). Finally, the testimony offered by petitioner and the incarcerated individuals who testified upon his behalf, all of whom denied that petitioner was the assailant, presented a credibility issue for the Hearing Officer to resolve (see id.; Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]). Contrary to petitioner's assertion, we are satisfied that the Hearing Officer, before whom the confidential informant appeared and testified, had a sufficient basis upon which to independently assess the credibility and reliability of that individual (see Matter of Bonnemere v Fischer, 100 AD3d 1174, 1175 [3d Dept 2012]; Matter of Harrison v Prack, 87 AD3d 1221, 1221 [3d Dept 2011]; see also Matter of Shrubsall v Venettozzi, 196 AD3d 990, 990 [3d Dept 2021], lv denied 37 NY3d 917 [2022]).
Petitioner's procedural claims are equally unavailing. Petitioner was apprised of the confidential documentary and testimonial evidence considered by the Hearing Officer outside of petitioner's presence and was informed that such evidence would remain confidential due to security concerns (see Matter of Bonnemere [*2]v Fischer, 100 AD3d at 1175; Matter of Harrison v Prack, 87 AD3d at 1221; Matter of Cowan v Fischer, 64 AD3d 839, 840 [3d Dept 2009]). To the extent that petitioner argues that the Hearing Officer improperly curtailed his questioning of certain witnesses, "we find no error in the Hearing Officer precluding petitioner from asking questions during the hearing that were irrelevant to the conduct charged" (Matter of White v Annucci, 169 AD3d 1326, 1328 [3d Dept 2019], lv dismissed 33 NY3d 1048 [2019], lv denied 33 NY3d 908 [2019]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.