Matter of Shrubsall v Venettozzi (2021 NY Slip Op 04528)





Matter of Shrubsall v Venettozzi


2021 NY Slip Op 04528


Decided on July 22, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:July 22, 2021

532604
[*1]In the Matter of William Shrubsall, Petitioner,
v
Donald Venettozzi, as Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:June 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ.

William Shrubsall, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
After petitioner, a prison inmate, sent digressive notes to the civilian facilitator of his book club team and continued to do so despite being told that some of his concerns should be addressed elsewhere, he was removed from the team and directed to stop contacting her. He thereafter arranged for another inmate to speak to the facilitator and find out why he had been removed from the team and, as a consequence, was charged in a misbehavior report with violations of several prison disciplinary rules. Following a disciplinary hearing, petitioner was found guilty of harassment and refusing a direct order. The determination was affirmed upon administrative appeal, and this CPLR article 78 proceeding ensued.[FN1]
We confirm. The detailed misbehavior report, hearing testimony from the correction sergeant who authored it and from petitioner, confidential testimony and the notes themselves constitute substantial evidence supporting the determination of guilt (see Matter of Young v Keyser, 136 AD3d 1084, 1085 [2016]; Matter of Messiah v New York State Dept. of Correctional Servs., 52 AD3d 1133, 1133 [2008]). Our review of the record confirms that, contrary to petitioner's argument, the Hearing Officer made an independent assessment of the reliability of the confidential information (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Gomez v Venettozzi, 170 AD3d 1414, 1415 [2019]). Although petitioner claimed that he was only directed to stop writing the facilitator, denied asking anyone to speak to her and otherwise sought to call the testimony of the correction sergeant into question, those issues of credibility were addressed and resolved against him by the Hearing Officer (see Matter of Randolph v Annucci, 190 AD3d 1196, 1197 [2021]; Matter of Smith v Annucci, 173 AD3d 1596, 1597 [2019]). Further, because petitioner's communications with the facilitator included lengthy asides and requests for favors and continued after he had no legitimate reason to contact her and was directed not to do so, the Hearing Officer properly concluded that they were "of a personal nature" within the meaning of the rule prohibiting harassment (7 NYCRR 270.2 [B] [8] [ii]; see Matter of Smith v Annucci, 173 AD3d at 1597; compare Matter of Fulton v Chase, 115 AD3d 1033, 1035 [2014]).
As for petitioner's procedural claim that he was deprived of the right to call witnesses, he waived any objection on that point when, at the hearing, he acknowledged that two requested inmate witnesses had declined to testify and stated that he did not want to "force somebody to testify" and did not want to hear from them or anyone else (see Matter of Cosme v New York State Dept. of Corr. & [*2]Community Supervision, 168 AD3d 1327, 1328 [2019]). Petitioner's remaining contentions, to the extent that they are properly preserved for our review, have been examined and rejected.
Egan Jr., J.P., Lynch, Clark, Pritzker and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Supreme Court properly transferred the matter to this Court given that the petition raises a question of substantial evidence and does not, notwithstanding petitioner's belief, advance any "objections [that] could terminate the proceeding" (CPLR 7804 [g]; see Matter of Wayering v County of St. Lawrence, 140 AD2d 838, 839 n [1988]).