Matter of Antinuche v Venettozzi (2021 NY Slip Op 05159)





Matter of Antinuche v Venettozzi


2021 NY Slip Op 05159


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

533177
[*1]In the Matter of Michael Antinuche, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:September 3, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

Michael Antinuche, Fallsburg, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Sullivan County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation, correction officials received confidential information indicating that petitioner had placed a razor blade in a facility recycling bin because he was conspiring with another incarcerated individual to assault a third incarcerated individual in the housing unit regarding a debt owed. A subsequent search of the recycling bins revealed a small piece of folded tissue paper that contained a razor blade. As a result, petitioner was charged in a misbehavior report with conspiring to assault an incarcerated individual, possessing a weapon and engaging in violent conduct involving the threat of violence. Following a tier III disciplinary hearing, petitioner was found guilty of the charges. That determination was upheld upon administrative appeal. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the testimony of its author and the detailed confidential testimony and information provide substantial evidence supporting the finding of guilt (see Matter of Johansel v Annucci, 155 AD3d 1147, 1148 [2017]; Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [2016]; Matter of Baez v Bellnier, 131 AD3d 771, 771 [2015]; Matter of Pompey v Prack, 128 AD3d 1251, 1252 [2015]). Contrary to petitioner's contention, the Hearing Officer's confidential interviews with a confidential informant and the correction officer who authored the misbehavior report and conducted the investigation was sufficiently detailed and specific to independently assess the reliability of the confidential information (see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018]; Matter of DeJesus v Venettozzi, 145 AD3d 1275, 1276 [2016], lv denied 29 NY3d 908 [2017]). Furthermore, "there was no reason to think that the informant was motivated by a promise of reward from the prison officials or a personal vendetta against petitioner" (Matter of Williams v Fischer, 18 NY3d at 890; see Matter of Carbuccia v Venettozzi, 194 AD3d 1179, 1180 [2021]).
With regard to petitioner's procedural challenges, the misbehavior report was sufficiently detailed to provide him with adequate notice of the charges so as to enable him to prepare a defense (see 7 NYCRR 251-3.1 [c]). "Inasmuch as the misbehavior report was the result of an ongoing investigation and based upon confidential information, the lack of specific dates and times, as well as the withholding of the names of the other [incarcerated individuals] involved, was acceptable" (Matter of Ortiz v Annucci, 163 AD3d at 1384 [internal quotation marks and citations omitted]; see Matter of Willacy v Fischer, 67 AD3d 1099, 1100 [2009]). We also reject [*2]petitioner's contention that he was denied the right to call the confidential informant as a witness, as he does not have a right to confront or cross-examine the confidential informant (see Matter of Heard v Annucci, 155 AD3d 1166, 1167 [2017]; Matter of Tulloch v Fischer, 90 AD3d 1370, 1371 [2011]; see also Matter of Laureano v Kuhlmann, 75 NY2d 141, 147-148 [1990]). We have considered petitioner's remaining contentions and find them to be either unpreserved or without merit.
Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.