Matter of Killimayer v Annucci (2021 NY Slip Op 06132)





Matter of Killimayer v Annucci


2021 NY Slip Op 06132


Decided on November 10, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 10, 2021

533106
[*1]In the Matter of Joseph Killimayer, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 8, 2021

Before:Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ.

Joseph Killimayer, Otisville, petitioner pro se.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Eastern N.Y. Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation in which confidential information was received, correction officials discovered that petitioner, an incarcerated individual, had threatened another incarcerated individual in order to obtain documentation from him about an incident that the incarcerated individual was involved in at another correctional facility and about whether his protective custody status was voluntary or involuntary. Until that documentation was provided to petitioner, he threatened the incarcerated individual that he would not be allowed to use certain phones in the prison yard. As a result of the foregoing, petitioner was charged in a misbehavior report with making threats and soliciting, possessing or exchanging certain information about another incarcerated individual without authorization from the superintendent. Following a tier II disciplinary hearing, petitioner was found guilty of both charges. The determination was affirmed upon administrative review, and this CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, the hearing testimony of its author who conducted the investigation and the confidential testimony considered by the Hearing Officer in camera provide substantial evidence supporting the determination of guilt (see Matter of Degraffenreid v Venettozzi, 178 AD3d 1229, 1229 [2019]; Matter of Reddish v Fischer, 107 AD3d 1265, 1265-1266 [2013]; Matter of Liner v Fischer, 96 AD3d 1416, 1417 [2012]). The contrary testimony offered by petitioner and his witnesses presented credibility issues for the Hearing Officer to resolve (see Matter of Snyder v Annucci, 188 AD3d 1346, 1347 [2020]; Matter of Beltre v Rodriguez, 185 AD3d 1370, 1370 [2020]). "Further, the Hearing Officer's confidential interview with the correction officer who authored the misbehavior report and conducted the investigation was sufficiently detailed to independently assess the reliability of the confidential information" (Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [2018] [citations omitted]; see Matter of Williams v Fischer, 18 NY3d 888, 890 [2012]; Matter of Shrubsall v Venettozzi, 196 AD3d 990, 990 [2021]).
Contrary to petitioner's contention, we find that petitioner's efforts to obtain another incarcerated individual's protective-custody status documentation constitutes solicitation, which is specifically prohibited by rule 113.27 (see 7 NYCRR 270.2 [B] [14] [xvii]). Petitioner's further assertion that protective custody documentation does not fall within the ambit of rule 113.27 is unpreserved for our review given petitioner's failure to raise it at the administrative level (see Lashway v Keyser, 178 AD3d [*2]1224, 1225 [2019]). To the extent that petitioner's remaining contentions are properly before us, they have been considered and found to be without merit.
Egan Jr., J.P., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.