Matter of Verdi v Collado (2021 NY Slip Op 07047)





Matter of Verdi v Collado


2021 NY Slip Op 07047


Decided on December 16, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 16, 2021

532913
[*1]In the Matter of Vincent Verdi, Petitioner,
v
Jaifa Collado, as Superintendent of Shawangunk Correctional Facility, et al., Respondents.

Calendar Date:October 8, 2021

Before:Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ.

Vincent Verdi, Walkill, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Superintendent of Shawangunk Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, informed a correction officer that he could not recall whether he had removed his newly issued razor from his cell gate during a mandatory razor exchange. Petitioner was then ordered to find and produce his razor, but he was unable to do so. As a result, petitioner was charged in a misbehavior report with losing state property and refusing a direct order. Following a tier II disciplinary hearing, petitioner was found guilty of losing state property and not guilty of refusing a direct order. That determination was upheld upon administrative appeal, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report and hearing testimony, including the testimony of the correction officer who prepared the misbehavior report, provide substantial evidence to support the determination of guilt (see Matter of Zielinski v Venettozzi, 35 NY3d 1082, 1083 [2020]; Matter of Thousand v Prack, 139 AD3d 1212, 1212 [2016]; Matter of Ortega v Annucci, 122 AD3d 1051, 1051 [2014]; Matter of Crenshaw v Fischer, 87 AD3d 1189, 1190 [2011]). Petitioner's exculpatory contention that he was never issued a replacement razor created a credibility issue for the Hearing Officer to resolve (see Matter of Ortega v Annucci, 122 AD3d at 1051). Moreover, the fact that there was one extra razor left over following the razor exchange does not exonerate petitioner, as the hearing testimony established that there was also one extra razor before the commencement of the razor exchange, permitting the Hearing Officer to reasonably conclude that every incarcerated individual subject to the exchange, including petitioner, received a new razor during that exchange (see Matter of Harris v Fletcher, 30 AD3d 948, 948 [2006]).
We reject petitioner's claim that the Hearing Officer exhibited bias by, among other things, failing to provide petitioner with a video of the incident and denying petitioner's request to call the deputy superintendent as a witness. The record reflects that the Hearing Officer submitted petitioner's request for the requested video and was advised by facility staff that the requested video did not exist because there were no video cameras assigned to the requested location (see Matter of Mullins v Annucci, 177 AD3d 1061, 1061 [2019]; Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [2019]; Matter of Benitez v Annucci, 139 AD3d 1215, 1216 [2016]; see also Matter of Pine v Annucci, ___ AD3d ___, 2021 NY Slip Op 06903 [2021]; Matter of Hubbard v Annucci, 154 AD3d 1286, 1287 [2017]). Moreover, because the requested video did not exist, the Hearing Officer did not improperly deny petitioner's request to call as a witness the deputy [*2]superintendent whose testimony regarding the requested video would have been irrelevant or redundant (see generally Matter of Anselmo v Annucci, 176 AD3d 1283, 1285 [2019]; Matter of Goodwin v Annucci, 167 AD3d 1196, 1197 [2018], lv denied 33 NY3d 904 [2019). To the extent that petitioner's remaining contentions are properly before us, including his claim that the hearing was not completed in a timely manner, they have been considered and found to be without merit.
Garry, P.J., Egan Jr., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.