Matter of Grant v Capra (2021 NY Slip Op 07333)





Matter of Grant v Capra


2021 NY Slip Op 07333


Decided on December 23, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 23, 2021

532284
[*1]In the Matter of Paul Grant, Petitioner,
v
Michael Capra, as Superintendent of Sing Sing Correctional Facility, Respondent.

Calendar Date:November 12, 2021

Before:Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ.

Paul Grant, Ossining, petitioner pro se.
Letitia James, Attorney General, Albany (Sarah L. Rosenbluth of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with harassment and disobeying a direct order. According to the misbehavior report, a correction officer observed petitioner bullying other incarcerated individuals who were intimidated by him and advised him to stop such behavior, at which point petitioner became argumentative and aggressive with the correction officer and refused to leave the correction officer's desk area. Petitioner eventually left after four orders were given to clear the area. Following a tier II disciplinary hearing, petitioner was found guilty of both charges and that determination was affirmed upon administrative appeal. This CPLR article 78 proceeding ensued.[FN1]
We confirm. The detailed misbehavior report and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Lopez v Department of Corr. & Community Supervision, 142 AD3d 1238, 1239 [2016]; Matter of Lamage v Bezio, 74 AD3d 1676, 1676 [2010]; Matter of Hodge v Selsky, 53 AD3d 953, 954 [2008]). We are unpersuaded by petitioner's contention that the misbehavior report was not sufficiently detailed in order to adequately apprise him of the charges against him and enable him to prepare a defense, despite the fact that he was not provided with the names of the incarcerated individuals who he was observed bullying (see 7 NYCRR 251-3.1 [c]; Matter of Antinuche v Venettozzi, 197 AD3d 1498, 1499 [2021]; Matter of Caldarola v Annucci, 148 AD3d 1396, 1397 [2017]).
We also find without merit petitioner's contention that he was denied the right to call those incarcerated individuals as witnesses. The record reflects that the Hearing Officer properly denied petitioner's request for those witnesses based upon concerns of petitioner's retaliation against them, which could affect institutional safety and security (see 7 NYCRR 254.5 [a]; Matter of Cortorreal v Annucci, 28 NY3d 54, 58 [2016]; Matter of Shabazz v Artus, 72 AD3d 1299, 1300 [2010]). Further, "the failure to provide a written explanation for such refusal does not warrant annulment because the reason for the denial was evident from the record" (Matter of Scott v Annucci, 194 AD3d 1178, 1179 [2021] [internal quotation marks and citation omitted]).
Garry, P.J., Egan Jr., Lynch, Clark and Aarons, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.



Footnotes

Footnote 1: Supreme Court properly transferred the matter to this Court since the petition raises a substantial evidence issue and the due process claim advanced in the petition is not, contrary to petitioner's assertion, an "objection[ that] could terminate the proceeding" (CPLR 7804 [g]; see Matter of Martin v Platt, 191 AD2d 758, 759 n [1993], lv denied 82 NY2d 652 [1993]).