Matter of Barnes v Venettozzi (2022 NY Slip Op 04683)

Matter of Barnes v Venettozzi

2022 NY Slip Op 04683

Decided on July 21, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 21, 2022

534376
[*1]In the Matter of Arrello Barnes, Petitioner,
v
Donald Venettozzi, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:June 17, 2022

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Arrello Barnes, Auburn, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner, an incarcerated individual, was charged in a misbehavior report with fighting, engaging in violent conduct, creating a disturbance and refusing a direct order. According to the misbehavior report, petitioner, while in the facility's recreation yard, was observed punching the head and upper body of another incarcerated individual and refused an initial order to stop fighting. Shortly thereafter, petitioner underwent a strip frisk prior to being admitted to the facility's special housing unit, whereupon petitioner surrendered 30 bundles of a green leafy substance that were on his person.[FN1] As a result, petitioner was charged in a second misbehavior report with smuggling and possessing contraband. Following a tier III disciplinary hearing on the charges contained in both reports, petitioner was found guilty as charged. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging the determination.
We confirm. The misbehavior reports, related documentation, video evidence and hearing testimony, and the inferences to be drawn therefrom, provide substantial evidence to support the determinations of guilt (see Matter of Cordova v Annucci, 199 AD3d 1152, 1153 [2021]; Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [2020]). Petitioner's exculpatory statements and denial of guilt as to the charges contained in the misbehavior reports presented credibility issues for resolution by the Hearing Officer (see e.g. Matter of Verdi v Collado, 200 AD3d 1379, 1380 [2021]). As for that part of the determination finding petitioner guilty of smuggling and possessing contraband, neither charge required that the substance confiscated be tested for drugs (see Matter of Piletas v Venettozzi, 151 AD3d 1444, 1445 [2017]).
As for petitioner's procedural argument that he was not provided with a video of the incident described in the second misbehavior report, the record reflects that the Hearing Officer submitted this request and was advised by facility staff that the requested video did not exist (see Matter of Mullins v Annucci, 177 AD3d 1061, 1061 [2019]; Matter of Matthews v Annucci, 175 AD3d 1713, 1714 [2019]). Accordingly, petitioner's claim is unavailing. We have reviewed petitioner's remaining contentions and, to the extent that his claims are properly before us, they have been found to be without merit.
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Upon being admitted to the special housing unit, petitioner also surrendered two latex glove fingertips from his buttocks region that contained a green leafy substance.