Matter of Todd v Annucci (2022 NY Slip Op 06206)

Matter of Todd v Annucci

2022 NY Slip Op 06206

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

534597
[*1]In the Matter of Lavelle Todd, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:October 7, 2022

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Lavelle Todd, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Following a fight involving multiple incarcerated individuals in the prison yard, petitioner was charged in a misbehavior report with refusing a direct order, fighting, engaging in violent conduct, creating a disturbance and violating movement regulations. At the conclusion of a tier III disciplinary hearing, petitioner was found guilty of all charges. Upon administrative appeal, other than dismissing the charge of violating movement regulations, the determination was affirmed. This CPLR article 78 proceeding ensued.
We confirm. Contrary to petitioner's contention, the misbehavior report, which states that petitioner was observed exchanging punches with other incarcerated individuals and refused direct orders to get on the ground until chemical agents were deployed, the video evidence and testimony at the hearing provide substantial evidence to support the determination of guilt (see Matter of Rivera v Annucci, 160 AD3d 1273, 1273 [3d Dept 2018]; Matter of McLeod v Fischer, 122 AD3d 1037, 1037-1038 [3d Dept 2014]; Matter of Leslie v Fischer, 107 AD3d 1264, 1265 [3d Dept 2013]). Petitioner's denial that he was involved in the fighting created a credibility issue for the Hearing Officer to resolve (see Matter of Barnes v Venettozzi, 207 AD3d 969, 970 [3d Dept 2022]; Matter of Spencer v Annucci, 179 AD3d 1372, 1373 [3d Dept 2020]).
Turning to petitioner's procedural objections, we are unpersuaded that the misbehavior report, despite not specifically identifying with whom petitioner fought, was not detailed enough for him to prepare a defense (see Matter of Grant v Capra, 200 AD3d 1443, 1443-1444 [3d Dept 2021]; Matter of Davis v Goord, 302 AD2d 836, 837 [3d Dept 2003]; see also 7 NYCRR 251-3.1 [c]). Further, we note that the incarcerated individuals present at the time of the incident all identified themselves on a body camera video viewed by petitioner at the hearing, giving petitioner ample opportunity to call any of them as witnesses. To that end, the record reflects that petitioner not only did not request any witnesses, but did not request any documentation related to the incident, such as the unusual incident report, which provided information as to others alleged to be involved in the altercation (see Matter of Walton v Goord, 290 AD2d 764, 764 [3d Dept 2002]; Matter of McCleary v Mitchell, 188 AD2d 728, 729 [3d Dept 1992]). We have reviewed petitioner's remaining contentions, including that he was improperly denied documents in connection with the extension request, and find them to be without merit.
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.