Matter of Rizzuto v Melville (2022 NY Slip Op 06199)

Matter of Rizzuto v Melville

2022 NY Slip Op 06199

Decided on November 3, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 3, 2022

532536
[*1]In the Matter of Alfonso Rizzuto, Petitioner,
v
T. Melville, as Deputy Superintendent of Security, Eastern Correctional Facility, Respondent.

Calendar Date:October 7, 2022

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Alfonso Rizzuto, Duryea, Pennsylvania, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Superintendent of Eastern Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Following a dispute between petitioner and the head cook at the facility where petitioner was then incarcerated, petitioner was charged in a misbehavior report with creating a disturbance, refusing a direct order, harassment, interfering with an employee and violating mess hall procedures. During the course of the ensuing tier II disciplinary hearing, petitioner was removed from the proceeding due to his disruptive behavior. The Hearing Officer subsequently found petitioner guilty of all charges, and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.[FN1]
Initially, the Attorney General concedes, and our review of the record confirms, that substantial evidence does not support that part of the determination finding petitioner guilty of interfering with an employee and, hence, it must be annulled (see Matter of Daum v Sipple, 197 AD3d 1461, 1462 [3d Dept 2021]). However, because the administrative penalty has been served and no loss of good time was imposed, remittal for a redetermination of the penalty on the remaining charges is not required (see Matter of Abdullah v Department of Corr. & Community Supervision, 193 AD3d 1167, 1168 [3d Dept 2021]).
As to the remaining charges, the detailed misbehavior report, together with the testimony of the head cook and other correction officers, constitute substantial evidence to support the finding that petitioner created a disturbance, refused a direct order and harassed the head cook. Specifically, both the misbehavior report and the hearing testimony demonstrated that petitioner, in a "loud" and "boisterous" manner, cursed and yelled at — and was "extremely argumentative" with — the head cook (see e.g. Matter of Grant v Capra, 200 AD3d 1443, 1443 [3d Dept 2021]) and, in so doing, caused congestion in the mess hall food line (see 7 NYCRR 270.2 [B] [5] [iv]; Matter of Kendricks v Annucci, 207 AD3d 968, 969 [3d Dept 2022]; Matter of Dove v Annucci, 190 AD3d 1181, 1181 [3d Dept 2021], lv denied 37 NY3d 909 [2021]; compare Matter of Ramos v Annucci, 208 AD3d 1531, 1531 [3d Dept 2022]; Matter of Hogan v Thompson, 204 AD3d 1201, 1202 [3d Dept 2022]). Such proof, together with the testimony of an incarcerated individual who was present for the incident, further established that petitioner refused repeated direct orders to "[b]e quiet" and "keep moving." To the extent that petitioner contends that the congestion in the food line was occasioned by a lack of available serving utensils and that "all [he] did was talk nicely" to the head cook, such testimony presented a credibility issue for the Hearing Officer to resolve[*2](see Matter of Killimayer v Annucci, 199 AD3d 1151, 1151 [3d Dept 2021]; Matter of McClary v Annucci, 189 AD3d 1812, 1813 [3d Dept 2020], lv denied 37 NY3d 905 [2021]).
We are similarly persuaded that substantial evidence supports the finding that petitioner violated mess hall procedures. Although the mess hall rules have since been revised, petitioner provided the Hearing Officer with a copy of the then-applicable rules at the disciplinary hearing. Such rules plainly prohibited "[y]elling or loud talking" in the mess hall, thereby belying petitioner's present claim that the misbehavior report failed to provide him with sufficient information to ascertain the basis for the rule violation.
Finally, "we reject petitioner's contention that he was improperly removed from the hearing, as the record reflects that he continued to interrupt [the Hearing Officer] and be argumentative despite warnings that he would be removed if his conduct continued" (Matter of McMaster v Rodriguez, 159 AD3d 1173, 1174 [3d Dept 2018]; see Matter of Joseph v Polizzi, 167 AD3d 1207, 1208 [3d Dept 2018], lv denied 33 NY3d 903 [2019]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of interfering with an employee; petition granted to that extent and the Superintendent of Eastern Correctional Facility is directed to expunge all references to that charge from petitioner's institutional record; and, as so modified, confirmed.

Footnotes

Footnote 1: Although petitioner was released to parole supervision in January 2022, "his request for expungement of the determination from his institutional record is not moot" (Matter of Santana v Annucci, 149 AD3d 1432, 1432 [3d Dept 2017]).