Matter of Johnson v Annucci (2023 NY Slip Op 01342)

Matter of Johnson v Annucci

2023 NY Slip Op 01342

Decided on March 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 16, 2023

535208
[*1]In the Matter of Ronald Johnson, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:February 10, 2023

Before:Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ.

Ronald Johnson, Yonkers, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with violating numerous prison disciplinary rules including, as relevant here, providing misleading information, violating facility correspondence procedures and disobeying a direct order. At the conclusion of the tier III disciplinary hearing that followed, the Hearing Officer found petitioner guilty of violating the foregoing charges, and a penalty was imposed. Upon administrative appeal, that decision was affirmed with a modified penalty, prompting petitioner to commence this CPLR article 78 proceeding seeking to annul respondent's determination.
Respondent concedes, and our review of the record confirms, that the challenged determination — insofar as it found petitioner guilty of providing misleading information and violating facility correspondence procedures — is not supported by substantial evidence and must be annulled. Inasmuch as the administrative penalty has been served and no loss of good time was imposed, remittal for a redetermination of the penalty is unnecessary (see Matter of Rizzuto v Melville, 210 AD3d 1152, 1153 [3d Dept 2022]). As to the remaining charge of disobeying a direct order, the detailed misbehavior report, together with the testimony of its author and petitioner's acknowledgment that he authored the letters at issue, constitute substantial evidence to support the finding that petitioner disobeyed a direct order prohibiting him from using certain computers for personal use (see Matter of Brooks v Unger, 110 AD3d 1122, 1122 [3d Dept 2013]; Matter of Tarbell v Prack, 89 AD3d 1342, 1342-1343 [3d Dept 2011]; Matter of Belot v Selsky, 56 AD3d 911, 912 [3d Dept 2008]). Accordingly, we discern no basis upon which to disturb that portion of respondent's determination.
Clark, J.P., Aarons, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of providing misleading information and violating facility correspondence procedures; petition granted to that extent and respondent is directed to expunge all references to those charges from petitioner's institutional record; and, as so modified, confirmed.