Matter of Cajigas v Rodriguez (2023 NY Slip Op 01725)

Matter of Cajigas v Rodriguez

2023 NY Slip Op 01725

Decided on March 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 30, 2023

535823
[*1]In the Matter of Eduardo Cajigas, Petitioner,
v
Anthony Rodriguez, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date:February 10, 2023

Before:Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ.

Eduardo Cajigas, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During the course of an investigation, petitioner and another incarcerated individual were identified as being part of a gang known as the Rat Hunters who threatened bodily harm to the victim, another incarcerated individual, on several occasions due to their belief that the victim had testified and informed against other incarcerated individuals. As a result, petitioner was charged in a misbehavior report with making threats, engaging in violent conduct and engaging in gang activity. Petitioner was found guilty of all charges following a tier III disciplinary hearing, and that determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued. We confirm.
Contrary to petitioner's contention, the misbehavior report, testimony at the hearing and confidential testimony provide substantial evidence supporting the determination of guilt (see Matter of Killimayer v Annucci, 199 AD3d 1151, 1151 [3d Dept 2021]; Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [3d Dept 2018]; Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [3d Dept 2016]). The Hearing Officer personally interviewed the confidential sources, which interviews were sufficiently detailed for the Hearing Officer to make an independent assessment of the reliability and credibility of the testimony and information provided (see Matter of Antinuche v Venettozzi, 197 AD3d 1498, 1499 [3d Dept 2021]; Matter of Chandler v Annucci, 135 AD3d at 1259). Although petitioner denied making any threats or belonging to a gang, this created a credibility issue for the Hearing Officer to resolve (see Matter of Ketchmore v Annucci, 199 AD3d 1150, 1150 [3d Dept 2021]; Matter of Bowen v Annucci, 142 AD3d 1216, 1217 [3d Dept 2016]).
Turning to petitioner's procedural challenges, we are unpersuaded that the misbehavior report was inadequate to notify petitioner of the charges or provide an ability for him to prepare a defense (see 7 NYCRR 251-3.1 [c]). Where, as here, "the misbehavior report was the result of an ongoing investigation and based upon confidential information, the lack of specific dates and times . . . [is] acceptable" (Matter of Antinuche v Venettozzi, 197 AD3d at 1499 [internal quotation marks and citations omitted]). To the extent that petitioner asserts that the Hearing Officer did not disclose the answers to the four questions he submitted to be asked during the confidential portion of the hearing nor provide a basis for keeping certain testimony confidential, any error is harmless, as the record reflects that petitioner was aware that the Hearing Officer was taking confidential testimony, was provided an opportunity to submit questions and, given the nature of the charges involving [*2]gang activity and threats, the record clearly establishes that need for confidentiality (see Matter of Davis v Prack, 100 AD3d 1177, 1178 [3d Dept 2012], lv dismissed 22 NY3d 910 [2013]; Matter of Reid v Goord, 14 AD3d 950, 951 [3d Dept 2005]). We have reviewed petitioner's remaining contentions and, to the extent that they are preserved, find them to be without merit.
Garry, P.J., Lynch, Clark, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.