Matter of Olivero v New York State Dept. of Corr. & Community Supervision (2023 NY Slip Op 04243)

Matter of Olivero v New York State Dept. of Corr. & Community Supervision

2023 NY Slip Op 04243

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

535821
[*1]In the Matter of Felipe Olivero, Petitioner,
v
New York State Department of Corrections and Community Supervision et al., Respondents.

Calendar Date:June 23, 2023

Before:Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ.

Felipe Olivero, Napanoch, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of the Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
During an investigation, it was discovered that petitioner attempted to compel a fellow incarcerated individual to receive drugs through the mail and threatened him with physical harm if he refused. As a result, petitioner was charged in a misbehavior report with making threats and extortion. Following a tier III disciplinary hearing, petitioner was found guilty as charged. That determination was affirmed on administrative review and petitioner commenced this CPLR article 78 proceeding.
The misbehavior report, hearing testimony and confidential testimony provide substantial evidence supporting the determination of guilt (see Matter of Killimayer v Annucci, 199 AD3d 1151, 1151 [3d Dept 2021]; Matter of Ortiz v Annucci, 163 AD3d 1383, 1384 [3d Dept 2018]). Moreover, the Hearing Officer personally interviewed the confidential source, an interview that was sufficiently detailed in order for the Hearing Officer to make an independent assessment of the reliability and credibility of the testimony and information provided (see Matter of Cajigas v Rodriguez, 214 AD3d 1293, 1293-1294 [3d Dept 2023]; Matter of Chandler v Annucci, 135 AD3d 1258, 1259 [3d Dept 2016]). The exculpatory testimony of petitioner and his witnesses created a credibility issue for the Hearing Officer to resolve (see Matter of Hoyes v Annucci, 213 AD3d 1011, 1012 [3d Dept 2023]; Matter of Santos v Annucci, 209 AD3d 1084, 1085 [3d Dept 2022]). Petitioner's remaining contentions, to the extent not specifically addressed, have been considered and found to be without merit.
Garry, P.J., Lynch, Pritzker, Reynolds Fitzgerald and Fisher, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.