Matter of Dixon v Annucci (2023 NY Slip Op 04244)

Matter of Dixon v Annucci

2023 NY Slip Op 04244

Decided on August 10, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 10, 2023

535946
[*1]In the Matter of Brandon Dixon, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, et al., Respondents.

Calendar Date:June 23, 2023

Before:Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ.

Brandon Dixon, Malone, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondents.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Acting Commissioner of Corrections and Community Supervision finding petitioner guilty of violating certain prison disciplinary rules.
Following an investigation that included the monitoring of telephone conversations and the transfer of large sums of money to petitioner, an incarcerated individual, facility staff concluded that, on multiple occasions, petitioner used a smartphone peer-to-peer payment application (CashApp) to profit from smuggling narcotics into the facility using the inmate mail system. As a result, petitioner was charged in a misbehavior report with soliciting, smuggling, possessing contraband and distributing drugs. Following a tier III disciplinary hearing, petitioner was found not guilty of possessing contraband and found guilty of the remaining charges. Upon administrative review, the determination was affirmed, and this CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, the testimony of its author and the detailed confidential testimony and documentary information provide substantial evidence supporting the finding of guilt (see Matter of Wald v Annucci, 210 AD3d 1173, 1173 [3d Dept 2022]; Matter of Rivera v Annucci, 203 AD3d 1371, 1371 [3d Dept 2022]; Matter of Holmes v Annucci, 153 AD3d 1004, 1005 [3d Dept 2017]; see also 7 NYCRR 270.3 [b]). Although petitioner denied any involvement in the at-issue conduct, such claims presented credibility issues for the Hearing Officer to resolve (see Matter of Wald v Annucci, 210 AD3d at 1173). Further, the confidential hearing testimony, which was elicited by the Hearing Officer from the employee who authored the misbehavior report and conducted the investigation, was sufficiently detailed for an independent assessment of the reliability of the confidential information (see Matter of Killimayer v Annucci, 199 AD3d 1151, 1151 [3d Dept 2021]). Petitioner's remaining contentions, including his procedural claim that the misbehavior report was untimely (see Matter of Bachiller v Annucci, 166 AD3d 1186, 1187 [3d Dept 2018]), have been considered and found to be without merit.
Egan Jr., J.P., Clark, Ceresia, Fisher and McShan, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.