Matter of Thomas v Annucci (2025 NY Slip Op 02106)

Matter of Thomas v Annucci

2025 NY Slip Op 02106

Decided on April 10, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 10, 2025

536116
[*1]In the Matter of James Thomas, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:March 21, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

James Thomas, Stormville, petitioner pro se.
Letitia James, Attorney General, Albany (Alexandria Twinem of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with engaging in a sex offense, physical contact and forcible touching. The charges stemmed from an incident wherein petitioner attempted to force another incarcerated individual to engage in a sex act in a facility shower room. At the conclusion of the tier III disciplinary hearing that followed, petitioner was found guilty of all charges and a penalty was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge respondent's determination.
We confirm. The detailed misbehavior report, hearing testimony and confidential information constitute substantial evidence to support respondent's determination (see Matter of Olivero v New York State Dept. of Corr. & Community Supervision, 219 AD3d 1030, 1030 [3d Dept 2023]; Matter of Dixon v Annucci, 219 AD3d 1030, 1031 [3d Dept 2023]; Matter of Cajigas v Rodriguez, 214 AD3d 1293, 1293 [3d Dept 2023]). Petitioner's contrary testimony, as well as his assertion that the author of the misbehavior report had a "vendetta" against him, presented credibility determinations for the Hearing Officer to resolve (see Matter of Cato v Martuscello, 232 AD3d 1191, 1192 [3d Dept 2024]; Matter of Woodward v Annucci, 175 AD3d 785, 786 [3d Dept 2019]), and we are satisfied that the Hearing Officer possessed sufficient information to assess the credibility and reliability of the confidential information provided (see Matter of Dixon v Annucci, 219 AD3d at 1031; Matter of Headley v Annucci, 205 AD3d 1189, 1189-1190 [3d Dept 2022]).
Petitioner's claim that he was denied the right to call witnesses at the hearing is unpersuasive. Of the numerous witnesses requested, one provided confidential testimony, three refused to testify and the remainder testified in petitioner's presence. Each of the incarcerated individuals who refused to testify executed witness refusal forms, and the Hearing Officer placed the reasons for such refusals on the record for two of the individuals while the record shows that the third did not witness the incident (Matter of Agostini v Venettozzi, 214 AD3d 1228, 1228-1229 [3d Dept 2023]). To the extent that petitioner contends that he was precluded from recalling the author of the misbehavior report, he had a full opportunity to question this witness at the hearing and failed to demonstrate that such witness could provide further relevant, nonredundant testimony (see Matter of Mitchell v Rodriquez, 175 AD3d 787, 788-789 [3d Dept 2019]).
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.