Matter of Smith v State of N.Y. (DOCCS) (2025 NY Slip Op 03614)

Matter of Smith v State of N.Y. (DOCCS)

2025 NY Slip Op 03614

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-24-0626
[*1]In the Matter of Andre Smith, Petitioner,
v
State of New York (DOCCS), Respondent.

Calendar Date:May 23, 2025

Before:Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ.

Andre Smith, Attica, petitioner pro se.
Letitia James, Attorney General, Albany (Kate H. Nepveu of counsel), for respondent.

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Superintendent of Sullivan Correctional Facility finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with a movement violation, refusing a direct order and engaging in harassment. The charges stemmed from an incident wherein petitioner became argumentative and refused to comply with a correction officer's repeated orders to ascend a facility stairwell. At the conclusion of the tier II disciplinary hearing that followed, the Hearing Officer found petitioner guilty of all charges and imposed a 60-day loss of privileges. Petitioner's administrative appeal was unsuccessful, prompting him to commence this CPLR article 78 proceeding to challenge the underlying determination.
We confirm. The detailed misbehavior report and testimony of its author provide substantial evidence to support the findings of guilt (see Matter of Rizzuto v Melville, 210 AD3d 1152, 1153-1154 [3d Dept 2022]; Matter of Grant v Capra, 200 AD3d 1443, 1443 [3d Dept 2021]). To the extent that petitioner and his witness provided contrary testimony, this presented a credibility issue for the Hearing Officer to resolve (see Matter of Olivero v New York State Dept. of Corr. & Community Supervision, 219 AD3d 1030, 1030 [3d Dept 2023]; Matter of Rizzuto v Melville, 210 AD3d at 1154). Petitioner's related assertion — that the record contains insufficient evidence of harassment — is unpersuasive, as the vulgar and abusive language described in the misbehavior report and the authoring correction officer's testimony falls squarely within the definition of harassment as set forth in 7 NYCRR 270.2 (B) (8) (ii) (see e.g. Matter of Rizzuto v Melville, 210 AD3d at 1153; Matter of Woodward v Annucci, 175 AD3d 785, 786 [3d Dept 2019]).
Petitioner's claim that he was denied due process because he was not provided with a video of the incident lacks merit, as the record reflects that no video of the stairwell encounter exists (see Matter of Barnes v Venettozzi, 207 AD3d 969, 970-971 [3d Dept 2022]; Matter of Verdi v Collado, 200 AD3d 1379, 1380 [3d Dept 2021]). Although petitioner asserts that the misbehavior report was retaliatory in nature, this argument was not raised at the administrative hearing and, therefore, is unpreserved for our review (see Matter of Simpson v Jordan, 235 AD3d 1223, 1224 [3d Dept 2025]; Matter of Bookman v Fischer, 107 AD3d 1260, 1260 [3d Dept 2013]). Finally, the record does not support petitioner's claim that the Hearing Officer was biased or that the determination flowed from any alleged bias (see Matter of Keitt v Lamay, 236 AD3d 1225, 1226 [3d Dept 2025]; Matter of Dean v Martuscello, 236 AD3d 1223, 1224 [3d Dept 2025]), and inasmuch as petitioner has served his administrative penalty, his challenge to the legality thereof is moot (see Matter of Smith [*2]v Annucci, 232 AD3d 1014, 1015 [3d Dept 2024]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit or rendered academic.
Clark, J.P., Pritzker, Reynolds Fitzgerald, Fisher and Powers, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.